# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARQUELL TAJAE BAXTER,**

      Plaintiff,

v.                                             Case No: 6:18-cv-1118-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

## MEMORANDUM OF DECISION

Marquell Tajae Baxter (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application supplemental security income. Doc. 1; R. 1-6, 178-87. Claimant argued, in part, that the Administrative Law Judge (the ALJ) erred by mischaracterizing the record. Doc. 19 at 15-19, 22-27. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

### I. THE ALJ'S DECISION

On February 5, 2015, Claimant filed an application for supplemental security income. R. 15, 178-87. Claimant alleged a disability onset date of January 21, 1997. *Id.*

The ALJ issued his decision on September 7, 2017. R. 17-31. In his decision, the ALJ found that Claimant had the following severe impairments: sickle cell disease, obstructive sleep apnea, asthma/restrictive lung disease, and scoliosis. R. 17-19. The ALJ found that Claimant did not meet or medically equal the severity of one of the listed impairments and found that Claimant

had an RFC to perform less than a full range of light work as defined by 20 C.F.R. § 416.967(b).[1]

R. 19-20. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with certain additional limitations. Specifically, the claimant is able to lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently, and is able to sit, stand and walk for up to 6 hours each out of an 8-hour workday. He can climb ramps and stairs occasionally, but should never climb ladders, ropes or scaffolds. Further, the claimant can frequently balance, but is able to occasionally stoop, kneel, crouch and crawl. Furthermore, the claimant is limited to occasional exposure to dust, odors, fumes, pulmonary irritants, extreme heat, extreme cold, and vibration. Lastly, the claimant must avoid exposure to hazards, such as unprotected heights and moving machinery.

R. 20. The ALJ then found that Claimant was capable of performing jobs that existed in significant numbers in the national economy and, therefore, that Claimant was not disabled between the date of Claimant's disability application and the date of the ALJ's decision. R. 23-24.

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   ANALYSIS

Claimant argues that the ALJ erred by mischaracterizing the record. Specifically, Claimant argues, in part, that the ALJ: (1) "erroneously stated that [Claimant] 'did not require treatment in 2016'"; and (2) erroneously stated that neither Claimant nor his attorney alleged that Claimant had an impairment or combination of impairments that meets or medically equals any listed impairment. Doc. 19 at 15-19, 22-27. The undersigned agrees.

In *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1983), the Eleventh Circuit held that an ALJ's misstatement of fact is harmless error if it does not affect the ALJ's conclusion. However, Courts in this district have found that if the ALJ makes a misstatement of fact that is material or integral to the ALJ's ultimate decision, then the misstatement is not harmless and remand may be warranted. *See Bissinger v. Comm'r of Soc. Sec.*, 2014 WL 5093981, at *5-6 (M.D. Fla. Oct. 9, 2014) (finding that the ALJ's misstatement of fact was not harmless) (citations omitted); *see also*

*White v. Comm'r of Soc. Sec.*, 2010 WL 3467413, at *15-16 (M.D. Fla. Aug. 3, 2010) (finding that the ALJ's decision was not supported by substantial evidence because the ALJ misstatement of fact substantially affected the ALJ's ultimate conclusion), *report and recommendation adopted*, 2010 WL 3448617 (M.D. Fla. Sept. 1, 2010); *but see Washington v. Astrue*, 2009 WL 2949034, at *14 (M.D. Fla. Sept 14, 2009) (finding that the ALJ made a material misstatement of fact, but that a single erroneous statement by the ALJ did not require remand) (citation omitted). In addition, Courts in this district have found that remand may be warranted where the ALJ misstates and mischaracterizes the record evidence on numerous points, even if only one such misstatement, standing alone, would not have necessitated remand. *See Beckford v. Berryhill*, 2017 WL 3835859, *7-9 (M.D. Fla. Aug. 16, 2017) (noting that the ALJ's numerous errors called into question the accuracy of the ALJ's decision); *Smith v. Astrue*, 2009 WL 3157639, *3-6 (M.D. Fla. Sept. 25, 2009) (finding that the ALJ's misstatements, taken as a whole, indicated that the ALJ failed to properly consider all the evidence); *Flentroy-Tennant v. Astrue*, 2008 WL 876961, *6-8 (M.D. Fla. Mar. 27, 2008) (noting that the ALJ's numerous misstatements revealed an inaccurate review of the record).

In his first argument, Claimant argued that the ALJ erroneously stated that Claimant did not require treatment in 2016. In his decision, the ALJ stated, in part, as follows:

> The record shows that the claimant has required several short hospitalizations for symptoms associated with his sickle cell anemia. Namely, he was hospitalized in 2015 and again earlier this year. *He, however, did not require treatment in 2016*. In fact, the record shows no treatment at the Cancer Institute of Florida between follow up visits in 2015 and his return in March of 2017. . . .

R. 21 (emphasis added). The ALJ's statement that Claimant did not require treatment in 2016 is incorrect. Indeed, the record contains significant evidence that Claimant received treatment in 2016. R. 1209-64, 1552-1607. Further, the ALJ did not discuss or cite to any of the records

contained in Exhibits 6F and 7F, which together accounted for approximately 1,006 pages of the record, calling into question whether the ALJ reviewed and considered those records at all. *See* R. 15-24, 623-1628. Given the sheer scope of the records at issue and the significance of an incorrect statement that Claimant went without treatment for an entire year in the year prior to the ALJ rendering his decision, the Court cannot help but find that the ALJ's misstatement was material. In addition, the materiality of this particular misstatement will be further discussed *infra*, as it also appears it may have had an impact on the ALJ's decision regarding whether or not Claimant had a combination of impairments that medically equaled a listed impairment. The Court notes that the Commissioner offered no argument to suggest that the ALJ's misstatement was correct, or to argue that the ALJ's misstatement was not material. Doc. 19 at 20-22.

At step three of the sequential evaluation process, the ALJ must consider whether a claimant's impairments, individually or in combination, meet or equal any of the impairments contained in the Listing of Impairments (the Listings), which identifies impairments that are considered severe enough to prevent a person from engaging in any gainful activity. 20 C.F.R. § 416.925(a).

In his second argument, Claimant argued that the ALJ stated erroneously that neither Claimant nor his attorney alleged that Claimant had an impairment or combination of impairments that meets or medically equals any listed impairment. In his decision, the ALJ stated as follows:

> Neither the claimant, nor his attorney alleged that the claimant has an impairment or combination of impairments that meets or medically equals any listed impairment, and the undersigned finds no evidence of such.

R. 19 (emphasis added). That statement is incorrect. Indeed, at the hearing before the ALJ, Claimant's attorney argued as follows:

> ATTY: My view of the case, I would point to the listed impairments at 7.05 for hemolytic anemia which include sickle cell disease. There is four alternative ways

> to meet that listing. I would argue that even if he doesn't precisely meet the listing, I would argue for a medical or functional equivalence. I think he basically almost meets each of the four alternative routes to the listing. He's had two hospitalizations. It sounds like functionally he has had a third in terms of time spent in treatment and in crisis. His hemoglobin measurements, if not at the 7.0 liter level, are still consistently very low basically at that level. He has had the red cell blood transfusions, and he is on the chemotherapy for the sickle cell. So, I would argue that he functionally or medically equals a listing.

R. 57-58. Given the foregoing, the Court finds not only that the ALJ made a misstatement of fact, but also that the misstatement was material. It appears that as a result of the misstatement, the ALJ summarily found that Claimant did not have a combination of impairments that medically equaled Listing 7.05 despite Claimant's attorney raising specific evidentiary arguments to suggest that Claimant's impairments medically equaled Listing 7.05.

Moreover, the ALJ's misstatement and apparent failure to consider Claimant's attorney's arguments is exacerbated by the ALJ's prior misstatement regarding whether Claimant received treatment in 2016. Listing 7.05 provides, in part, that a claimant meets Listing 7.05 if the claimant has "[c]omplications of hemolytic anemia requiring at least three hospitalizations within a 12–month period and occurring at least 30 days apart. Each hospitalization must last at least 48 hours, which can include hours in a hospital emergency department or comprehensive sickle cell disease center immediately before the hospitalization (see 7.00C2). And 20 C.F.R. § 416.926(b) provides, in pertinent part, as follows:

> (1)(i) If you have an impairment that is described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, but—
>
> > (A) You do not exhibit one or more of the findings specified in the particular listing, or
> >
> > (B) You exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing,

> (ii) We will find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria.

At the hearing before the ALJ, Claimant's attorney specifically argued that Claimant functionally had a third hospitalization when considering Claimant's time spent in treatment and in crisis. Yet it appears that the ALJ not only failed to consider Claimant's attorney's argument, but also failed to consider the record evidence regarding the time Claimant spent in treatment and in crisis, i.e. the evidence upon which Claimant's attorney's argument relied. Thus, the misstatements regarding Claimant's attorney's failure to raise the issue and Claimant's lack of treatment in 2016 are material to the ALJ's ultimate conclusion that Claimant did not meet Listing 7.05.

Regardless, the ALJ's statement regarding Listing 7.05, considered together with the ALJ's misstatement regarding Claimant's treatment in 2016 and the ALJ's failure to discuss a significant portion of Claimant's records, renders the Court unable to find that substantial evidence supports the ALJ's determination that Claimant did not have a combination of impairments that medically equaled Listing 7.05.[2] Although the Court recognizes that courts have found it appropriate for an ALJ to implicitly reject a listing, the Court is incapable of determining from the ALJ's decision how or why he implicitly rejected the possibility that Claimant had a combination of impairments that medically equaled Listing 7.05. *See, e.g.*, *Flemming v. Comm'r of the Soc. Sec. Admin.*, 635 F. App'x 673, 676 (11th Cir. 2015) ("In sum, the record reflects that the ALJ sufficiently considered [the claimant's disorder] in combination with his other impairments, and substantial evidence supports the ALJ's implicit determination that [the claimant] did not meet or equal [a

---

[2] Claimant also argued that the ALJ erred at step three of the sequential evaluation process when considering whether Claimant met Listing 7.05, and that the ALJ improperly discounted Claimant's intensive treatment of sickle cell disease when determining whether Claimant met Listing 7.05. Doc. 19 at 22-27.

specified listing.]"). The ALJ is required to build a logical bridge between the evidence and his decision that enables a meaningful review by the Court. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.") (citation omitted); *Flentroy-Tennant*, 2008 WL 876961, *8 ("An ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion.") (citation omitted). The ALJ did not do so here. And the Court will not and cannot reweigh the evidence. *Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted)..

With regard to Listing 7.05, the Commissioner offered no persuasive argument to the contrary to Claimant's argument. Indeed, the Commissioner failed to address Claimant's argument that the ALJ "omi[tted], discount[ed], and mischaracterize[ed] the medical record and testimony." *See* Doc. 19 at 26-29. Instead, the Commissioner argued only that Claimant failed to meet his burden of proving that his impairments met or equaled Listing 7.05. Essentially, the Commissioner stood in the shoes of the ALJ, analyzed the record evidence anew, and explained why the Commissioner believes that substantial evidence supports the ALJ's decision. But the Court will not rely on the Commissioner's post-hoc arguments. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To do so would necessarily require the undersigned to reweigh the evidence, which the undersigned declines to do. *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted).

Given all of the foregoing, the Court finds that the ALJ materially misstated the record and that the material misstatements were integral to the ALJ's ultimate decision. In addition, the Court finds that the ALJ's conclusory statement that Claimant did not have a combination of impairments that medically equaled Listing 7.05 is not supported by substantial evidence. Therefore, the Court finds that these arguments are well-taken.

This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). However, although the issue was not raised by Claimant, the Court notes that it appears that the RFC was not consistent with the ALJ's hypothetical to the vocational expert.[3] On remand, the ALJ should ensure that the hypothetical to the vocational expert includes all of Claimant's functional limitations in the RFC.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner, and close the case.

---

[3] The RFC provides, in part, that Claimant "can frequently balance, but is able to occasionally stoop, kneel, crouch and crawl." R. 20. But in his hypothetical to the vocational expert, the ALJ stated as follows: "This person could frequently balance, stoop, kneel, crouch and crawl." R. 54-55.

**DONE** and **ORDERED** in Orlando, Florida on August 30, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Eric S. Fulcher
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801